UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ZACKARY TIMMERMAN,                                                                                                      Plaintiff,

v.                                                Civil Action No. 3:18-cv-P817-DJH

KELLY GOODLETT et al.,                                              Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Plaintiff is currently a prisoner at the Kentucky State Penitentiary (KSP). He names as Defendants the following employees of Luther Luckett Correctional Complex (LLCC) where he was previously housed: Sgt. Kelly Goodlett, Sgt. Jeremy Smith, Lt. David Crawford, Warden Scott Jordan, and Sgt. Ryan Jansen. He also names Correct Care Solutions, the medical provider at LLCC. His claims against these Defendants involve excessive-force in the form of being tased and being sprayed with O.C. spray; receiving no medical care thereafter; and being retaliated against at LLCC for grievances he filed.

Plaintiff also names as Defendants Daniel Smith, KSP grievance coordinator; KSP Warden DeEdra Hart; Kentucky Department of Corrections (KDOC) Commissioner James Erwin; and the KDOC. The allegations against these Defendants occurred after he was transferred from LLCC to KSP. Plaintiff alleges that while housed at KSP his right to practice his religion, Odinist/Asatru, under the First Amendment, the Universal Declaration of Human Rights, and Section 5 of the Kentucky Constitution has been violated.

Under Federal Rule of Civil Procedure 20(a)(2), persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "[P]laintiffs . . . do not have free reign to join multiple claims and defendants in any manner they choose." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009). "'[T]he policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit.'" *Id*. (quoting *Boretsky v. Corzine*, No. 08-2265 (GEB), 2008 WL 2512916, at *4 (D.N.J. June 23, 2008)).

The claims contained in the instant complaint relating to incidents and conditions occurring at LLCC are clearly separate and distinct from the claims arising from incidents occurring at KSP. Therefore, Plaintiff's joinder of the two sets of claims in a single civil action does not satisfy the criteria for joinder under Fed. R. Civ. P. 20(a). Federal Rule of Civil Procedure 21 provides that the misjoinder of parties "is not a ground for dismissing an action," but that the court may "on its own . . . add or drop a party" and "sever any claim against a party." "[T]he manner in which a trial court handles misjoinder lies within that court's sound discretion." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988).

Here, it is appropriate to order the severance of the claims arising from incidents occurring at LLCC from the claims arising from actions taken at KSP. Moreover, the claims arising from incidents at LLCC occurred in the Louisville Division of this Court, in which the present action has been opened. Once the claims related to KSP are severed from this action, a separate civil action against the KSP Defendants will be opened in the Paducah Division of this Court. Accordingly,

**IT IS ORDERED** that Plaintiff's claims against Defendants Daniel Smith, Warden DeEdra Hart, Commissioner James Erwin, and the KDOC are **SEVERED** from the instant action.

2

The Clerk of Court is **DIRECTED** to terminate Daniel Smith, Warden DeEdra Hart, Commissioner James Erwin, and the KDOC as Defendants in the instant action.

The Clerk of Court is further **DIRECTED** to open a civil action in the Paducah Division of this Court with Daniel Smith, Warden DeEdra Hart, Commissioner James Erwin, and the KDOC as Defendants. The complaint in this case (Docket No. 1) will serve as the initiating document in the new civil action in the Paducah Division of this Court.

Date: April 10, 2019

**David J. Hale, Judge
United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4415.009