UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ZACKARY TIMMERMAN,                                                         Plaintiff,

v.                                                     Civil Action No. 3:18-cv-P817-DJH

KELLY GOODLETT et al.,                                         Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Zackary Timmerman, *pro se*, filed this *in forma pauperis* civil-rights action pursuant to 42 U.S.C. § 1983. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this case will be dismissed in part and allowed to continue in part.

## **I. STATEMENT OF CLAIMS**

Plaintiff is currently a prisoner at the Kentucky State Penitentiary (KSP). He names as Defendants the following Luther Luckett Correctional Complex (LLCC) employees: Sgt. Kelly Goodlett, Sgt. Jeremy Smith, Lt. David Crawford, Warden Scott Jordan, and Sgt. Ryan Jansen. He also names Correct Care Solutions (CCS), the medical provider at LLCC.[1] All Defendants are sued in their official and individual capacities.

Plaintiff states that on January 4, 2018, while housed at LLCC he was tased by Defendants Crawford and Jeremy Smith and had "OC" deployed in his face by Defendant Goodlett in violation of the Eighth Amendment to the U.S. Constitution, the Universal Declaration of Human Rights, and Section 17 of the Kentucky Constitution's Bill of Rights. He

---

[1] Plaintiff's complaint also contained claims against KSP and Kentucky Department of Corrections Defendants. Those Defendants and the claims against them have been severed from the instant action. *See* DN 6.

alleges that he passed out from the multiple tasings and has partial memory loss, chest pains, migraines, and anxiety but received no treatment from CCS.

Plaintiff next alleges that on May 8, 2018, he was tased three times while in a restraint chair by Defendant Jansen and again received no medical treatment. He also alleges that retaliation against him occurred at LLCC because of grievances he filed. He identifies the retaliation as having personal property taken; being placed in segregation; being on razor restriction; being denied sporks, library, recreation, linen exchange, cell cleaning, and contact with family except through U.S. mail; and verbal and mental abuse such as cell searches. The only Defendant he identifies with regard to the retaliation claim is Defendant Jordan, who he says "allowed all of this to happen."

As relief, he asks for monetary damages. He attaches a number of exhibits to his complaint, including copies of grievances and disciplinary reports.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. When determining whether Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside,*

*Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Claims under Universal Declaration of Human Rights*

Plaintiff's claims under the Universal Declaration of Human Rights fail to state a claim upon which relief may be granted. The Universal Declaration of Human Rights is not a treaty or international agreement that imposes legal obligations. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004) ("[T]he Declaration does not of its own force impose obligations as a matter of international law."). Rather, it is a statement of principles aimed at providing a common standard for international human rights. *Id*. at 734-35. Because it is not enforceable in American courts, Plaintiff's claims alleging violations of the Universal Declaration of Human Rights will be dismissed.

### *Claim against Defendant Jordan*

Plaintiff alleges that while at LLCC he was retaliated against in various ways because of grievances he filed and that Defendant Jordan, the warden, "allowed all of this to happen."

The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or

knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Plaintiff has identified no active unconstitutional behavior by Defendant Jordan. Consequently, the Court finds that Plaintiff has not stated a claim against this Defendant.

### *Claim against CCS*

The Sixth Circuit has held that the analysis that applies to § 1983 claims brought against municipalities applies to private corporations contracted to provide medical services to inmates, like CCS. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *Braswell v. Corr. Corp. of Am.*, 419 F. App'x. 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)).

That standard requires analysis of two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether CCS is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120, 112 (1992). With regard to the second prong, CCS cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a CCS policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

In other words, the policy or custom "must be 'the moving force of the constitutional violation' in order to establish" § 1983 liability. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff makes no allegation that the alleged constitutional deprivations resulted from a policy or custom of CCS. Consequently, the claims against Defendant CCS will be dismissed for failure to state a claim upon which relief may be granted.

### *Official-capacity claims for monetary damages against Defendants Crawford, Smith, Goodlett, and Jansen*

The Eleventh Amendment has been interpreted to extend immunity to State employees sued for damages in their official capacities. To the extent that these Defendants are sued in their official capacities for damages, the claims are barred by the Eleventh Amendment, and dismissal of these claims is appropriate upon screening. § 1915A(b); *Lawson v. Bouck*, 747 F. Supp. 376, 379 (W.D. Mich. 1990).

### *Individual-capacity claims for damages against Defendants Crawford, Smith, Goodlett, and Jansen*

On review, the Court will allow Plaintiff's federal and state constitutional claims against Defendants Crawford, Smith, Goodlett, and Jansen regarding being tased and sprayed with OC to go forward in their individual capacities for monetary damages.[2]

---

[2] Plaintiff does not ask for any injunctive relief related to his claims against these Defendants. Moreover, these Defendants are employed at LLCC, and Plaintiff is no longer incarcerated at LLCC. Thus, even had he asked for injunctive relief against these Defendants, such a claim would be moot. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility).

# III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims against Defendants CCS and Jordan, as well as his claims under the Universal Declaration of Human Rights are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claims for monetary damages against Defendants Crawford, Smith, Goodlett, and Jansen are **DISMISSED** for failure to state a claim upon which relief may be granted and for being immune to monetary relief pursuant to 28 U.S.C. § 1915A(b)(1), (2).

The Clerk of Court is **DIRECTED** to terminate Defendants CCS and Jordan as parties to this action.

The Court will enter a separate Order Regarding Service and Scheduling Order to govern the development of the remaining claims.

Date:


cc: Plaintiff, *pro se*
     Defendants
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4415.009